## SANTIAGO UMPIERRE & CO. *v.* WENER.

APPEAL from a Decision of the District Court of San Juan.

No. 84.—Decided May 10, 1906.

PLEADINGS—PARTIES—DEMURRERS—CASES IN WHICH THE PLAINTIFF IS A COMMERCIAL COMPANY.—In those cases in which the plaintiff is a commercial company it is sufficient to state the firm name of the same, because in these cases the partners as individuals disappear and a legal entity is created with capacity to sue and to be sued under the said firm name.

ID.—A complaint in an action to recover the value of a quantity of tobacco sold and the protest charges on certain checks must allege the two items separately, and it must also allege that the parties agreed to the terms of the contract, that the tobacco was delivered by the vendor and received by the vendee without protest, and that it was not paid for.

ID.—ALLEGATIONS.—The allegations ought to be stated in clear and concise language so that the defendant may know how to prepare his defense.

The facts are stated in the opinion.

*Messrs. Anderson and Coll y Cuchí* for appellant.

*Mr. Juan de Guzmán Benítez* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The following complaint was filed in the District Court of San Juan:

"Santiago Umpierre & Co., a commercial firm domiciled in Comerio, and composed by Artemio Umpierre, José Asunción, Santiago and Antonio Rolón, being an action against José Wener, a landowner, married, of age and a resident of San Juan, for the recovery of the sum of $893.25, which he owes them for the purchase of cigars and the protest of unpaid checks, with legal interest from the date of the filing of the complaint and $200 for expenses and costs; wherefore, we pray the court to admit this amended complaint and in due time sustain it, rendering judgment against any property or rights which the defendant, José Wener, may have for the said sum of money in favor of the plaintiffs, Santiago Umpierre & Co.—that is to say, for the sum of $893.25, with legal interest from the date of the filing of the complaint, and $200 for expenses and costs. San Juan, P. R., September 25, 1904."

José Wener answered the complaint and filed a demurrer thereto, which reads as follows:

"Now comes the defendant through his attorney, Joseph Anderson, and demurs to the amended complaint of the plaintiff upon the following grounds:

"1. That there is a defect of the party plaintiff, namely: That the names of the plaintiffs are not given in the title of the action, as required by law and proper rules of procedure.

"2. That the complaint does not state facts sufficient to constitute a cause of action—

"(a) Because it does not state what part of the sum claimed is due for the cigars sold, and what part for protested checks.

"(b) Because the date of the sale of such cigars is not stated, and it is not known whether the action has prescribed.

"(c) Because it is not alleged that the defendant has not paid the amount of such cigars and checks.

"(d) Because it is not stated that said sum, the price of the cigars, had been demanded and payment refused by the defendant.

"(e) Because it is not alleged that said cigars had been delivered to the defendant or that he accepted them in any way.

"(f) Because if the said cigars had been paid for with the protested checks, and the checks were received in payment, the action must be based on the nonpayment of the checks and not on the purchase and sale of the cigars.

"3. That the complaint is ambiguous, unintelligible and uncertain.

"And on the grounds alleged, he prays for the dismissal of the complaint with the costs."

The District Court of San Juan overruled this demurrer, and the defendant noted an exception.

Let us consider these allegations in the first place, and if we arrive at the conclusion that the lower court erred in overruling the demurrer referred to by the defendant, then there will be no necessity of considering and deciding the other twenty-one errors alleged to have been committed in the judgment appealed from, to which the defendant and appellant refers in the bill of exceptions presented, which was in due time approved by the judge of the District Court of San Juan.

We cannot agree with the defendant as to the defect alleged in the amended complaint, consisting in the names of the parties not being specified.

It is true that section 103 of our Code of Civil Procedure provides that the names of the parties to the action shall be stated, but when an action is brought by a commercial firm, as occurs in this case, it is sufficient to state the firm name of Santiago Umpierre & Co., wherein the individuality of. the partner disappears, and a juridicial personality is created with its own rights and obligations, which represents the firm as plaintiffs and defendants. So that by the statement of the firm name under which the commercial company does business, the party is designated, and, consequently, the provision of said section 103 has been complied with.

The commercial company having been duly constituted it is possessed of a juridicial personality in all its acts and contracts according to article 116 of the Code of Commerce.

The laws of procedure as adjective laws only, regulate the exercise of actions. It is necessary, therefore, to harmonize our Code of Civil Procedure with the codes which define and regulate our substantive law, either in civil or commercial matters.

But we cannot explain how even in the brief submitted to this Supreme Court, this defect is insisted upon, when the amended complaint above transcribed specifies perfectly the names of the partners, namely: Artemio Umpierre, José Asunción Santiago and Antonio Rolón.

From any point of view that the complaint may be considered, it does not contain the deficiency or defect alleged by the defendant.

The latter also alleged that ''the complaint does not state facts sufficient to constitute a cause of action,'' a point included in subdivision 6 of section 105 of the Code of Civil Procedure.

As a matter of fact the amended complaint shows an exaggerated brevity. The plaintiff says therein that he seeks to

recover from the defendant a sum of money for the purchase of cigars and the protest of checks, without specifying what amount is due from the sale of cigars, for what amount the checks were drawn, and how much the protest thereof amounted to.

Nor is it stated whether the tobacco sold was delivered, and in a negative case, there also is lacking a concise but clear statement that there was an agreement with regard to the tobacco the subject of the contract and on the price, determining the amount, because the complaint would thus have shown that the sale had been perfected and was binding upon both contracting parties according to section 1353 of the Revised Civil Code.

And even assuming that a commercial sale were involved, the plaintiff was not relieved of the obligation of alleging all the facts revealing the agreement of the contracting parties as to the thing and the price.

In other words, there should have been stated in ordinary and concise language as provided by section 103 of the Code of Civil Procedure, everything tending to show that the vendor had complied with all the obligations of the contract, the date of which is not stated either, and everything tending to show that the purchaser, if he received the merchandise without protest and to his entire satisfaction, did not pay the price agreed on, the amount of which is not stated either.

It is also alleged that the complaint is ambiguous, unintelligible and uncertain. (Subdivision 7 of section 105 of the Code of Civil Procedure.) It must be conceded that it is as a matter of fact ambiguous and uncertain, because it is confused, in order that no order or method is observed in the explanation. We do not know whether it seeks to recover the price of the sale of cigars or whether the price is constituted by the value of the checks not paid and protested, the amount of which is not stated. From the context of the complaint it can be understood just as well that an action is exercised for the recovery of the price of the sale of cigars and another

action for the recovery of the amount represented by certain checks, as that it is sought to recover the price of the sale represented by the checks. Hence the ambiguity and uncertainty of the complaint.

The allegations must be clear and concise, but they must show the defendant the arms of attack in order that the latter may prepare his defense on open ground.

And as this complaint lacks the conditions to which we have referred, we believe that the demurrer filed by the defendant should be sustained, and, consequently, that the judgment of March 28, 1905, of the District Court of San Juan should be set aside, with all the costs against the plaintiff.

*Decided accordingly.*

Chief Justice Quiñones, and Justices Hernández, MacLeary and Wolf concurred.